**Albert ROPER, Appellant,**

v.

**COMPANIA DE PERFORACIONES Y SERVICIO, S. A., Appellee.**

No. 10577.

Court of Civil Appeals of Texas.

Austin.

May 7, 1958.

Rehearing Denied July 16, 1958.

Patterson, McDaniel & Moore, Houston, for appellant.

No appearance for appellee.

GRAY, Justice.

Appellant, Albert Roper, filed this suit against Compania De Perforaciones Y Servicio, S. A., later referred to as defendant, and alleged that defendant was a corporation existing under the laws of Venezuela. He sought a recovery: for expenses incurred in making a trip from Houston to Caracas, Venezuela, for damages for breach of an alleged employment contract, and for loss of employment after returning to the United States. It was alleged that defend-ant was doing business in Texas; that it maintained agents in Houston for the purpose of entering into contracts of employment with oil field workers desiring employment in Venezuela; that he entered into a contract of employment with one of such agents in Houston; that thereafter he went to Venezuela in keeping with his contract and reported to defendant for duty but that he was not given employment and was compelled to return to the United States. It was alleged that defendant was doing business in this State without a permit, without the appointment of an agent upon whom service of citation could be had, and that service of citation is authorized by serving the Secretary of State under Art. 2031a, Vernon's Ann.Civ.St., and upon named parties alleged to be agents who resided in Houston. Citations were served on the Secretary of State and on J. F. Kimmey and on Mrs. Thelma Bunny Brehm, it being alleged that the two parties last named were agents of defendant.

The defendant did not appear and the trial court, by a signed order, authorized an attorney to appear and advise the court in the capacity of amicus curiae. The order recited that the court was of the opinion and found that the assistance of the amicus curiae would be helpful and appropriate in view of the nature of the case. The amicus curiae then suggested that the court did not have jurisdiction of the cause and that it should be dismissed.

Defendant had not procured a certificate of authority to do business in Texas and did not maintain a registered office or a registered agent in this State under Arts. 8:01 and 8:08, Texas Business Corporation Act, V.A.T.S. This being true then service under Art. 8:10 of that Act was not authorized and the questions presented are: Was defendant doing business within this State? And was service of citation authorized under Art. 2031a, supra?

The argument is made that defendant was doing business in this State through named persons as its agents.

The record shows that appellant Roper and C. J. Hodges entered into an agreement with J. F. Kimmey in Houston for employment by defendant in Venezuela. They personally paid J. F. Kimmey $280 each and went together to Venezuela, reported to defendant for duty, were told it was indefinite as to when they would go to work and that their pay would not start until they worked. After a few days they returned to Houston. Upon their return they were refunded the money paid to Kimmey which refund was made by him.

J. F. Kimmey testified that he was engaged in the business of foreign employment service; that he was licensed to carry on that business, and that he maintained an office in Houston for that purpose which was securing personnel for foreign work. He said that for a good many years he had secured employees for oil companies in various countries "Columbia, Venezuela, Arabia, the middle East countries, various and sundry companies all over the world." He said that defendant had never employed him for any purpose, had never paid or agreed to pay him any money and that it had never in any way directed or controlled his activities. He said:

"I advertise for skilled personnel, such as drillers, tool pushers, engineers, and various natures of personnel in oil field work. These people come to my office, and they fill out my forms for employment, which Mr. Hodges did, and also Mr. Roper and everybody else that comes up there, and the men who I think are qualified, I then present them to these companies for their selection. I do not select the employees to be employed, I only present them to the company."

He said that he knew defendant's president and that when he went into business he wrote a letter to him explaining his service and that he received a reply stating that possibly his services could be used by defendant. In December, 1956, he received the following telegram from defendant:

"Please send soonest possible four drillers. Advise names to process letters to Consul."

He then contacted Roper and Hodges (whose qualifications he had already checked), showed them the telegram and told them that on the strength of it he was authorized to send them to Venezuela for a job. They did go with the result noted supra.

Prior to the time in question Kimmey had sent one employee to defendant.

Mrs. Thelma Bunny Brehm, who operated an employment service in Houston similar to that operated by J. F. Kimmey, testified that on one occasion she sent three employees to defendant and that the men paid her the fee. She said that she had written defendant a letter advising it of her service; that the letter was not answered but in December she received a cablegram asking for these drillers and that she "hired" these men in Houston. She said that when she was served with the citation in this cause she called appellant's attorney who told her they were serving her and alleging that she was an agent for defendant and that she told him that she was not defendant's agent.

The trial court held that the defendant did not transact or do business in this State; that the service of citations supra was ineffectual to confer jurisdiction of defendant, and dismissed the suit. The motion of appellant praying that the amicus curiae proceeding be held to be a general appearance of defendant was overruled.

If jurisdiction was acquired over defendant it is because defendant was doing business in Texas, and if such business was done it was done by and through the alleged agents Kimmey and Brehm.

 There is nothing in the record to show that these parties were under the control of defendant in selecting and sending persons to defendant for employment. The alleged agents contacted persons desir-

ing employment, determined their qualifications and when they received requests for workers they selected persons from their own files and such workers then went to defendant. The workers and not defendant paid the fees to Kimmey and Brehm. There is no showing that any duty rested on the alleged agents to send workers to defendant but they by their letters to defendant requested it to use their services and in supplying requested employees the alleged agents were acting for themselves. In Bertrand v. Mutual Motor Co., Tex.Civ.App., 38 S.W.2d 417, 418, er. ref., the following definition of agency is quoted with approval:

" 'The relation of agency is the consensual relation existing between two persons, by virtue of which one of them is to act for and in behalf of the other and subject to his control.' Restatement of the Law of Agency, by the Am.Law Inst., as quoted in 2 Tex. Jur. p. 384, § 5."

The court there said that control was an essential element of agency, and further said that one person may act for and in behalf of another but if he is not under the other persons' control then the relation of agency does not exist. We think that the evidence conclusively shows that Kimmey and Brehm were acting for themselves. In meeting the requests of defendant for workers the alleged agents were not under any duty to defendant to send workers but they selected such persons from their own files and collected their fees from the persons so selected.

■ We hold that the evidence does not show that Kimmey and Brehm were agents of defendant. Then appellant's contention that defendant was doing business in Texas cannot be sustained because his contention that defendant was so doing business by and through those parties as its agents fails. It follows that if defendant was not doing business in Texas at the time of service of the citations supra, and Kimmey and Brehm were not its agents, juris-

diction over it was not acquired by that service. Street & Smith Publications v. Spikes, 5 Cir., 120 F.2d 895, certiorari denied 314 U.S. 653, 62 S.Ct. 102, 86 L.Ed. 524.

■ Appellant says that the appearance of the amicus curiae constitutes a general appearance of defendant and urges us to so hold.

Brantly Harris a member of the Houston Bar filed an application to appear "not as an attorney for any party to this cause but as a friend and officer of the court." The order of the court granting leave to said attorney to appear as amicus curiae recites:

"The court having considered the same and having advised itself that the said Brantly Harris can serve in such capacity, and the court is of the opinion and so finds that the assistance of such friend and officer of the court would be helpful to the court, and particularly appropriate in view of the nature of said cause, it is therefore ordered, * * *."

In the final judgment rendered in this cause it is recited that:

"* * * the Court proceeded to hear evidence upon said Amicus Curiae suggestions and did hear argument of counsel and did cause the proceedings to be reported, and after said hearing the Plaintiff, Albert Roper, moved that the Court find that the Defendant Compania de Perforaciones Y Servicio, S. A. had in the amicus curiae proceedings entered a general appearance in this cause, which Motion was overruled by the Court; * * *."

It clearly appears that the trial court first found that Harris could serve as amicus curiae and that such service would be of assistance and helpful to the court and particularly appropriate. And in the final judgment, after hearing evidence and argument, the trial court overruled appellant's motion to adjudge the amicus curiae's

appearance as a general appearance by defendant.

We are aware of course, upon facts different from the fact here, holding, properly we think, that an amicus curiae appearance may constitute a general appearance. However the facts recited by the trial court in his order granting leave to Harris to appear as amicus curiae and especially the recitals that he could so serve and that his assistance would be helpful and appropriate together with the findings made in the final judgment show that the trial court made at least two investigations of the matter and concluded that the appearance was proper and appropriate.

We are unwilling to say that the busy trial court, who has shown himself to be cautious, was not entitled to assistance that he has found would be helpful to him and appropriate in the case.

We have considered all points presented and it being our opinion that the same do not present error the judgment of the trial court is affirmed.

Affirmed.