## AMERICAN EMPLOYERS INSURANCE COMPANY, Appellant,

v.

## E. M. KILGORE et al., Appellees.

### No. 7682.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 30, 1967.

Rehearing Denied March 6, 1967.

Key, Carr & Clark, Lubbock, Bernard P. Evans, Lubbock, of counsel, for appellant.

James F. Moore, Lubbock, for appellees.

NORTHCUTT, Justice.

American Employers Insurance Company, as plaintiff, filed suit against T. E. McConnell & Company, Inc., a Texas corporation, T. E. McConnell, Mrs. T. E. McConnell and E. M. Kilgore, as defendants, to recover upon a general indemnity agreement executed by T. E. McConnell & Company, Inc., T. E. McConnell and Mrs. T. E. McConnell individually. It was the contention of plaintiff that E. M. Kilgore, as undisclosed principal, acting by and through his duly authorized agent, T. E. McConnell & Company, Inc. made a series of purchases of cotton from Commodity Credit Corporation under Commodity Credit Corporation's cotton export program. Commodity Credit Corporation will hereafter be often referred to as Commodity.

Plaintiff filed its motion for summary judgment electing to proceed against E. M.

Kilgore only and Kilgore filed his motion for summary judgment contending there was no genuine issue as to any material fact and that he was entitled to judgment that the plaintiff take nothing against him. The trial court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. From that judgment the plaintiff perfected this appeal. Hereafter American Employers Insurance Company will be referred to as appellant and Kilgore as appellee.

Appellant presents this appeal upon four points of error contending the trial court erred in overruling appellant's motion for summary judgment because as a matter of law there was an agency relationship between Kilgore and T. E. McConnell & Company, Inc.; that T. E. McConnell & Company, Inc. was acting within the course and scope of its agency when it executed the general indemnity agreement and bonds forming the basis of this action; that the undisputed facts show that as a matter of law T. E. McConnell & Company, Inc. was the agent of Kilgore and in the alternative, that Kilgore's motion for summary judgment does not establish as a matter of law that there was no agency relationship between T. E. McConnell and Kilgore. Therefore, there was and is a fact issue concerning the relationship between Kilgore and T. E. McConnell which should have been submitted to a jury.

The sole issue here involved is whether T. E. McConnell & Company, Inc. was the agent of E. M. Kilgore in buying the cotton from Commodity Credit Corporation and in executing the indemnity agreement here sued upon.

Mr. Kilgore had been a cotton merchant for many years and had dealt with Carl Pratt for a long time. Carl Pratt was the first person to approach Kilgore about the transaction here involved. Their conversation was concerning the sale of rights, a term commonly used in the cotton business. Pratt told Kilgore the cotton was coming from T. E. McConnell and for Kilgore to go ahead and book so many bales. Thereafter Kilgore offered a bid of so much plus McConnell's rights at 8.90 net. Kilgore knew what cotton Commodity had in storage and instructed appellant what he, appellee, would bid and how many bales designating the grades, etc., and what he would pay for McConnell's rights. All of these dealings were according to the practice and understanding of the cotton business. McConnell could present to Commodity whatever bid he cared to bid but not less than what appellee would pay as he had the margin for his rights to the extent of 8.90.

T. E. McConnell & Company, Inc. would buy the cotton from Commodity Credit Corporation and Commodity would draw a draft upon T. E. McConnell & Company for the purchase price and then McConnell & Company would draw a draft upon Kilgore for the amount of his offer. Kilgore paid McConnell & Company the 8.90 above the price paid Commodity. Appellee knew nothing about McConnell's transaction as to how it was handled or what McConnell & Company had bid and would know nothing until he received the invoices and drafts drawn on him by McConnell. Commodity sold its cotton to the highest bidder and the one purchasing the cotton from Commodity had to export by July 31, 1964, a like number of pounds of cotton. To assure Commodity that this exportation would be fulfilled it required the successful bidder to post security, either in cash deposit, a performance bond or a letter of credit in an amount equal to $50.00 per bale for each bale. T. E. McConnell & Company, being the one purchasing the cotton here in question from Commodity, secured performance bonds from appellant as required. In securing such bond from appellant, T. E. McConnell & Company, Inc., T. E. McConnell and wife, Mrs. T. E. McConnell, executed the indemnity agreement sued upon herein.

T. E. McConnell & Company defaulted on the exportation of a like number of

pounds of cotton prior to July 31, 1964, as required by Commodity. Appellant pleads it had to pay to Commodity the amount of the bonds it issued because of T. E. McConnell & Company's default. After T. E. McConnell & Company, T. E. McConnell and Mrs. T. E. McConnell failed to pay appellant the amount appellant paid to Commodity as they had agreed to do under the indemnity agreement, appellant brought this suit contending appellee was liable as an undisclosed principal throughout the cotton purchases and was liable to appellant under said indemnity bond.

In connection with appellees' motion for summary judgment T. E. McConnell made an affidavit that during the 1963 year he was engaged in the business of merchandising cotton, buying and selling cotton and handling cotton on a commission basis; that he and E. M. Kilgore entered into an agreement whereby he sold the rights to 1,500 bales of cotton to Kilgore. In the event that Kilgore accepted the cotton McConnell would receive approximately 8.90 points per bale which was approximately $45.00 per bale. Appellee testified it would amount to $44.50 per bale. McConnell further stated, among other matters, that he was not an agent of Kilgore in his employee or acting for him in connection with the purchase of the cotton in Commodity sales; that if he had failed to comply with his agreement with Kilgore he would have been liable on that agreement. It was his obligation under the particular program to export 1,500 bales to offset what he had bought from Commodity; that that was a common practice in the cotton trade, the buying and selling of rights.

Appellant cites Restatement, Second, Agency, Section 14K as follows:

"One who contracts to acquire property from a third person and convey it to another is the agent of the other *only* if it is agreed that he is to act primarily for the benefit of the other and not for himself." (Emphasis ours).

That same authority states:

"Factors indicating that the one who is to acquire the property and transfer it to the other is selling to, and not acting as agent for, the other are: (1) That he is to receive a fixed price for the property, irrespective of the price paid by him. This is the most important. (2) That he acts in his own name and receives the title to the property which he thereafter is to transfer. (3) That he has an independent business in buying and selling similar property."

■ Under the undisputed record herein Kilgore had no control over McConnell & Company, Inc. as to the amount it could bid on this cotton regardless of what it paid to Commodity, it received a fixed price from Kilgore. There is no agency unless one is acting for and in behalf of another and subject to the other's control. Bertrand v. Mutual Motor Co., 38 S.W.2d 417 (Tex.Civ.App.—Eastland, 1931, writ ref'd); Roper v. Compania De Perforaciones Y Servicio, S.A., 315 S.W.2d 30 (Tex.Civ. App.—Austin, 1958, writ ref'd nre).

It is undisputed that McConnell & Company acted in its own name and the cotton was sold to it and when the draft was paid the title to the cotton was in it. McConnell was in an independent business buying and selling cotton and also on a commission basis. It seems clear to us that McConnell & Company was buying and selling this cotton on a profit basis of 8.90 for its rights as understood in the cotton business.

It is stated in St. Louis & S. F. R. Co. v. Blocker, 138 S.W. 156 (Tex.Civ.App.—Texarkana, 1911, writ ref'd) as follows:

"If the agent as such buys, he buys for his principal, and the price he pays is paid for the principal. The title acquired is the title of the principal. The retention of title by one who acquires property at one price to be again sold to another at a different price is wholly inconsistent with the relation of principal and agent."

■ Under this undisputed record we are of the opinion, and so hold, that McConnell & Company was not the agent of Kilgore and overrule appellant's assignments of error.

Judgment of the trial court is affirmed.