

# The Attorney General of Texas

August 19, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. L. Alvis Vandygriff
Commissioner
Texas Savings and Loan Department
P. O. Box 1089
Austin, Texas    78767

Opinion No. MW-503

Re: Whether savings and loan company is an authorized agent to receive tax bill under section 31.01 of the Texas Property Tax Code

Dear Mr. Vandygriff:

You have asked the following question:

> Is a savings and loan association or other mortgage lender that is engaged in the practice of collecting an escrow account as described herein the 'authorized agent' to receive the original tax notice or tax bill under standard mortgage lending arrangements in Texas?

You indicate that representatives of a "taxing unit," as defined in section 1.04(12) of the Texas Property Tax Code, have raised the question as to whether the original tax notice or bill should be sent to the person in whose name the property is listed on the tax bill or to the lending institution that has the responsibility to pay such taxes on behalf of that person pursuant to its contractual agreement made with the borrower. Section 31.01(a) of the Texas Property Tax Code provides in part:

> the assessor for each taxing unit shall prepare and mail a tax bill to each person in whose name the property is listed on the tax bill or to his authorized agent....

Pursuant to authority conferred by sections 5.07 and 31.01(c)(10) of the Property Tax Code the State Property Tax Board has adopted a rule further defining this provision: Rule 237.03.00.038 provides in part:

> Current tax bills shall be issued to each person in whose name the property is listed or to his authorized agent by October 1 or as soon

> thereafter as practicable in the case of mortgaged
> property where taxes are paid from an escrow
> account controlled by the mortgagee (mortgage
> holder), the notice requirements shall be
> satisfied by sending the tax bill to the
> mortgagee. Written authorization by the property
> owner is not required in order to deliver the tax
> bill to the mortgage company when the mortgage
> company acknowledges that it has authority for
> payment of taxes on the property.

36 T.A.C. §155.38 (1982). You indicate that in the past, taxing units provided a copy of the tax notice or bill to both the lender and property owner. The Property Tax Code makes no provision for a fee or charge for such notices. You now indicate that one taxing unit has indicated that it will no longer provide two notices without charge, but it will provide only one notice in the future. Accordingly, you are concerned whether the lender, in your case, a state chartered savings and loan association, is entitled to receive the original tax bill or notice without charge as the "authorized agent" of the property owner. The mortgagee would have authority to receive the tax bill under the quoted administrative rule. This result is consistent with the common law of agency.

The question of whether the lending institution is the "authorized agent" depends on the lender's relationship with the borrower. In the situation that you present, the state chartered savings and loans association would qualify as the authorized agent under the deed of trust. The deed of trust instrument between the borrower and the lender contains the following provision which is taken from the standard FNMA/FHLMC Uniform Instrument which provides:

> Borrower shall pay to lender on the day monthly
> installments of principal and interest are payable
> under the Note, until the Note is paid in full, a
> sum (herein 'Funds') equal to one-twelfth (1/12)
> of the yearly taxes and assessments which may
> attain priority over this Deed of Trust, and
> ground rents on the Property, if any, plus
> one-twelfth (1/12) of yearly premium installments
> of hazard insurance, plus one-twelfth (1/12) of
> yearly premium installments for mortgage
> insurance, if any, all as reasonably estimated
> initially and from time to time by Lender on the
> basis of assessments and bills and reasonable
> estimates thereof.... Lender shall apply the Funds
> to pay said taxes, assessments, insurance premiums
> and grounds rents....

We are aware that other deeds of trust forms in use in this state contain similar versions of this language.  In essence, under such provisions, the borrower and lender have agreed that the borrower pay in advance into an escrow account held by the lender and the lender will assume the obligation and responsibility to pay taxes and other enumerated obligations on the property.  This is nothing more than the application of the law of agency.  Agency is a legal relation whereby one party is authorized to act for the other.  3 Tex. Jur. 3d Agency §1.  See also, Valley View Cattle Company v. Iowa Beef Processors, 548 F.2d 1219 (5th Cir. 1977); Sorenson v. Shupe Brothers Company, 517 S.W.2d 861, 864 (Tex. Civ. App. - Amarillo 1974, no writ); Roper v. Compania De Perforaciones y Servicio, S.A., 315 S.W.2d 30, 33 (Tex. Civ. App. - Austin 1958, writ ref'd n.r.e.).  An agency relationship is created by an express or implied contract, or by operation of law. 3 Tex. Jur. 3d Agency §13.  See also Valley View Cattle Company v. Iowa Beef Processors, supra; Green v. Hannon, 369 S.W.2d 853, 856 (Tex. Civ. App. - Texarkana 1963, writ ref'd n.r.e.).

The central element of an agency relationship is delegated authority.  The situation which you present involves such authority created by an express contractual relationship set forth in the deed of trust.  The borrower has contractually agreed to pay the lender an amount to cover the taxes and the lender has agreed to use such funds to pay the taxes on the borrower's behalf.  We believe that a state chartered savings and loan association or other mortgage lender is the authorized agent entitled to receive the original tax bill or notice from the taxing unit where the deed of trust places the responsibility for paying the taxes on the lender.

## S U M M A R Y

A state chartered savings and loan association or other mortgage lender is the authorized agent entitled to receive the original tax bill from the taxing unit where the deed of trust places the responsibility for paying taxes on the mortgage lender.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Thomas M. Pollan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Thomas M. Pollan