NO. 07-00-0306-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 13, 2001



______________________________




FRANCISCO JAVIER OLVERA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 263RD DISTRICT COURT OF HARRIS COUNTY;



NO. 824786; HONORABLE JIM WALLACE, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Francisco Javier Olvera appeals from his conviction and sentence for
unlawful possession of a firearm by a felon. We dismiss for lack of jurisdiction.

 On April 6, 2000, pursuant to a plea bargain, appellant pled guilty to the charge of
unlawful possession of a firearm by a felon, in the 263rd District Court of Harris County,
Texas. The trial court honored the plea bargain and sentenced appellant to incarceration
in the Texas Department of Criminal Justice-Institutional Division, for five years. 

 Acting pro se, appellant filed a general notice of appeal. The trial court appointed
appellate counsel, who has filed a Motion to Withdraw and a Brief in Support thereof. In
support of the motion to withdraw, counsel has certified that, in compliance with Anders
v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the record has
been diligently reviewed and that in the opinion of counsel, the record reflects no
reversible error or grounds upon which an arguably meritorious appeal can be predicated. 
Counsel concludes that the appeal is without merit. Counsel has discussed why, under
the controlling authorities, there is no reversible error in the trial court proceedings or 
judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Counsel has attached exhibits showing that a copy of the Anders brief and Motion
to Withdraw have been forwarded to appellant, and that counsel has appropriately advised
appellant of appellant's right to review the record and file a response to counsel's motion
and brief. The clerk of this court has likewise advised appellant of his right to file a
response to counsel's motion and Anders brief. Appellant has not filed a response.

 To perfect appeal from a judgment which was rendered on the defendant's plea of
guilty or nolo contendere, and in which the punishment assessed did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the notice
of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the
substance of the appeal was raised by written motion and ruled on before trial; or (c) state
that the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3). Dismissal of
an issue or the entire matter is appropriate unless both (1) the form of the notice of appeal
is proper to perfect appeal as to the issue or matter, see Lyon v. State, 872 S.W.2d 732,
736-37 (Tex.Crim.App. 1994), and (2) the alleged jurisdiction is supported by the record.
See Sherman v. State, 12 S.W.3d 489, 492 (Tex.App.-Dallas 1999, no pet.). In other
words, if TRAP 25.2(b)(3) is applicable, then for an appellate court to have its jurisdiction
invoked over a matter, compliance with TRAP 25.2(b)(3) is required as to both form and
substance. Id. 

 Subsequent to the time appellant filed his general notice of appeal and appointed
counsel filed his Anders brief, the Court of Criminal Appeals held that a plea-bargaining
defendant such as appellant may not appeal the voluntariness of the plea. See Cooper
v. State, 45 S.W.3d 77 (Tex.Crim.App. 2001). Because appellant, thus, cannot question
the voluntariness of his plea based on his general notice of appeal, and because his notice
of appeal does not state that his appeal (1) involves an overruled, written pre-trial motion,
(2) is based on permission of the trial court or (3) is for a jurisdictional defect, appellant
has not invoked our appellate jurisdiction and we must dismiss the appeal. See Sherman,
12 S.W.3d at 492. 

 Accordingly, the appeal is dismissed for lack of jurisdiction. See Slaton v. State,
981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Because we have no jurisdiction over the
appeal except to dismiss it, see id., we cannot and do not consider appellate counsel's
Motion to Withdraw. 

 Phil Johnson

 Justice



Do not publish. 



sited in the Nelson’s bank
account. When the checks were presented for payment both were refused as there were
insufficient funds in Bradley’s account to pay the checks. Ultimately, Nelson filed a suit to
collect the amount of the checks. It is undisputed that Bradley or his estate was paid for
the cattle. 
          Originally Nelson sued the estate of Robert Bradley and Ed Wright, individually, but
subsequently took a non-suit against both. Nelson claims that the defendants are
obligated to pay for the amount of the checks Bradley issued it under the theory that
Bradley was the agent of Wright and Manning. After an adequate time for discovery,
Wright and Manning filed both traditional and no evidence motions for summary judgment. 
See Tex. R. Civ. P. 166a(c) and 166a(i). At or near the same time, Nelson filed its motion
for traditional summary judgment. 
          On August 11, 2006, the trial court granted the motions for summary judgment filed
by Wright and Manning, both the traditional and no evidence motions. The order of the trial
court recites that, because of its ruling on Wright and Manning’s motions for summary
judgment, it did not reach the merits of Nelson’s motion for summary judgment. It is from
this ruling that Nelson appeals. By one issue, Nelson claims that the trial court erred in
determining there was no agency relationship existing between Bradley and Wright and
Bradley and Manning because the summary judgment evidence raised a fact issue
regarding agency.
Standard of Review
          In reviewing a trial court’s decision to grant a traditional motion for summary
judgment we review the judgment of the trial court de novo. Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). In conducting this review we will take as true
all evidence favorable to the nonmovant, and indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor. Id. To sustain the granting of a traditional
summary judgment motion, we must find that the movant has met its burden of establishing
that there is no genuine issue of material fact and that it is entitled to judgment as a matter
of law. Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997). 
           In a no evidence motion for summary judgment, the movant must set forth the
elements of the adverse party’s claim for which it is alleged there is no evidence. See Tex.
R. Civ. P. 166a(i), Western Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005). The
burden then shifts to nonmovant to show that there is more than a scintilla of probative
evidence to raise a genuine issue of material fact on the disputed issue. Forbes Inc. v.
Granada Biosciences, Inc., 124 S.W.3d 167, 172 (Tex. 2003). Less than a scintilla of
evidence exists when the evidence is so weak as to create only a surmise or suspicion of
the fact to be proved. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). 
To raise a genuine issue of material fact, however, the evidence must exceed mere
suspicion, for evidence so slight is to do nothing more than make any inference a guess,
and as such, equate to no evidence. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601
(Tex. 2004). Conversely, more than a scintilla of evidence exists if it would allow
reasonable and fair-minded people to differ in their conclusions. King Ranch, 118 S.W.3d
at 751. Our examination of the record is performed in the light most favorable to the
nonmovant. Forbes, 124 S.W.3d at 172. 
Analysis
          All parties to this appeal agree that the decisive issue raised in the no evidence
motions for summary judgment is the question of agency. Was Bradley acting as an agent
for either Wright or Manning? If the latter, then the next question is was Manning acting
as an agent for Wright? Regarding agency, Texas law does not presume agency, and the
party alleging an agency relationship has the burden of proving the issue. IRA Resources,
Inc. v. Griego, 221 S.W.3d 592, 597 (Tex. 2007). Agency is a consensual relationship and
there must be a meeting of the minds to establish this relationship, although consent may
be implied by words or conduct of the parties. See Carr v. Hunt, 651 S.W.2d 875, 879
(Tex.Civ.App.–Dallas 1983, writ ref’d n.r.e.). It is the right of the principal to control the
details of accomplishing the assigned task that primarily distinguishes the agent from the
independent contractor. First Nat’l Acceptance Co. v. Bishop, 187 S.W.3d 710, 714
(Tex.App.–Corpus Christi 2006, no pet.). It is this right of control that is the supreme test
for the existence of an agency relationship. Id. Texas has adopted Section 14 K of the
Restatement (Second) of Agency (1957). Rufenacht v. Iowa Beef Processors, Inc., 492
F. Supp. 877, 881 (N. D. Tex. 1980) (citing American Employers Ins. Co. v. Kilgore, 412
S.W.2d 67,69 (Tex.Civ.App.–Amarillo 1967, writ ref’d n.r.e.)). The comments portion of
Section 14 K gives guidance about how to view the factors surrounding an allegation that
one party has acted as an agent for another. The factors to be analyzed are that the party:
1) is to receive a fixed price for the property, irrespective of the price paid by him; 2) acts
in his own name and receives the title to the property which he thereafter is to transfer, and
3) has an independent business in buying and selling similar property. Id. 
          According to Nelson, the following evidence was introduced as summary judgment 
evidence and raised more than a scintilla of evidence regarding the existence of an agency
relationship as to both Wright and Manning vis-a-vis Bradley.


 
Over the years, Bradley sold in excess of $30 million in cattle
for Wright.
Eighty-five percent of Bradley’s business was with Wright Co. 
                     Bradley was paid by commission.
Wright gave permission to brokers to purchase cattle on a deal
by deal basis.
Wright described the type of cattle desired by breed and
weight characteristics. 
At the time of purchase, Wright took actual possession of the
cattle. (The cattle were loaded on to trucks arranged by
Wright.)
 
A review of the total record reveals that each of the factors that Nelson allegedly raises the
issue of agency raises only a surmise or suspicion of agency and, even when viewed in the
light most favorable to the nonmovant, is just as easily explained in the terms of an
independent contractor. There is no evidence in this record that would indicate that any
of these actions would not be taken by Bradley or any broker acting as an independent
contractor. By way of example, Ed Wright’s affidavit points out that the breed and weight
characteristics are given to him by his customers and are not an attempt by his company
to do anything except meet the requirements of his customers. Likewise, the act of
arranging for shipment of the cattle at time of delivery is reflective of the fact that Wright
does not hold cattle because his business is to fill orders for feedlots and other finishers. 
Therefore, he ships the cattle immediately. Nelson opines that this means Bradley never
takes possession of the cattle, which according to Nelson’s analysis, is indicative of the fact
that he was operating as an agent. However, the analysis offered by Nelson is equally
operative in the situation of an independent contractor as it is with an agent. The summary
judgment evidence indicated that Wright already had the cattle sold to a feedyard. Further,
Nelson knew that Bradley was acting as a broker only and would resell the cattle and that
such an arrangement was standard in the industry. Nelson alleges that Bradley was paid
on commission and that is definitely indicative of an agency type of relationship. The
summary judgment evidence indicates that Manning and Bradley may have, at times, split
commissions; however, on the occasion in question, there was no proof of splitting of
commissions. Indeed, the evidence indicated that a check for a specific purchase price
for each lot of cattle was issued by Wright to Bradley, or his estate, as opposed to a
commission check. In the final analysis, indulging all inferences in favor of Nelson still
results in summary judgment evidence that is no more indicative of an agency relationship
than that of an independent contractor relationship. Accordingly, we can say that this
evidence does no more than raise a surmise or suspicion. A surmise or suspicion equates
to no evidence. Ford Motor Co., 135 S.W.3d at 601. Because Nelson has failed to
produce any evidence on the essential issue of agency between Bradley and Wright or
Bradley and Manning, the trial court was correct in granting Wright and Manning’s no
evidence motions for summary judgment. Forbes Inc., 124 S.W.3d at 172. 
          When a nonmovant fails to produce more than a scintilla of evidence under the
burden of a no evidence motion for summary judgment there is no need to further analyze
the sufficiency of movant’s proof on the traditional motion for summary judgment. Ford
Motor Co., 135 S.W.3d at 600. Because of our holding above we need not address the
additional issue of whether Manning was an agent of Wright.
Conclusion
          Having overruled Nelson’s issue regarding whether an agency relationship existed
between the parties, we affirm the trial court’s judgment. 




                                                                           Mackey K. Hancock

                                                                                    Justice